## SCHLAPBACH v. RICHMOND &c. RAILROAD COMPANY.

1. EMPLOYMENT—AGENCY—NON-SUIT.—In action against a railroad company to recover the value of services rendered by plaintiff as a detective, letters and statements of persons and agents of the defendant company not shown to have express or implied authority to employ detectives were inadmissible in evidence against the defendant; and there being no evidence of plaintiff's employment, a non-suit was proper.

Before IZLAR, J., Greenville, July, 1890.

Action by F. H. Schlapbach against the Richmond & Danville Railroad Company, commenced May 8, 1889. The opinion states the case.

*Mr. W. A. Williams*, for appellant.

*Messrs. Wells & Orr* and *Thos. K. Earle*, contra.

March 19, 1892. The opinion of the court was delivered by
MR. JUSTICE MCGOWAN. This was an action to recover from the defendant corporation the sum of $485 for services alleged to have been rendered said company in the capacity of a detective. The complaint alleged that the defendant company, a common carrier of goods, &c., having suffered great losses by reason of their cars being broken into and robbed on the line of their road at or near Greenville, employed the plaintiff as a detective and spicial agent to ferret out and discover the robbers, recover the goods, &c.; and that he, the plaintiff, in such capacity rendered, laborious and valuable services to the company, at its special instance and request, which work was worth at least the amount claimed, $485. The defendant company put in a general denial of the paragraphs of the complaint which alleged the employment of the plaintiff, value of services, &c.

It seems that about 1887 the plaintiff was on the regular police force of the city of Greenville, and that Mr. Watson was what is known as depot agent of the railroad company at that station; and when the plaintiff, in giving his testimony, was asked if Mr. Watson "employed" him to assist in ferreting out the robberies, the defendant's attorney objected to the admissibility of the testimony, and the court sustained the objection, ruling that the testimony was inadmissible to bind the railroad company, until it was first shown that Mr. Watson was authorized by the company to hire detectives. (Plaintiff excepted.) The witness then proceeded and, among other things, stated that he had written to one H. T. Fellers, of Atlanta, who claimed to be "a special agent" of the company to work up the matter of the aforesaid robberies. He had two letters from Fellers upon the business, which being offered in evidence, were ruled to be inadmissible to charge the company. (The plaintiff excepted.) Another letter from E. Berkeley, superintendent, of date June 11, 1888, addressed to the lawyer of the plaintiff, William A. Williams, Esq., was offered and excluded. (Plaintiff again excepted.)

Upon the close of the plaintiff's testimony, the attorney for the defendant moved for a non suit, which was granted on the ground "that the plaintiff had not introduced any evidence to show that the railroad company ever employed Mr. Schlapbach to do anything. And there is no testimony to show that there were any services rendered, which the Richmond & Danville Railroad Company ever ratified or accepted. That the letters were ruled out makes no difference; if all the letters had been received in evidence, it would not have affected the case one way or another, until it had first been shown that the Richmond & Danville Railroad Company had given Mr. Fellers authority to employ detectives, &c. So the motion for a non-suit is granted."

From this order the plaintiff appeals to this court upon the following grounds:

1. Because it being in evidence that C. E. Watson was the agent of the Richmond & Danville Railroad Company at Greenville, and was in general charge of the business of the company there, as matter of law, it was his duty to take charge and recover the goods stolen in transit, on the railroad of said company;

and the judge erred in excluding evidence of the contract between said Watson and the plaintiff.

2. Because it being in evidence that H. T. Fellers was a special agent employed by the Richmond & Danville Railroad Company to investigate into the alleged robberies from the company, the judge erred in excluding the letters written by him to the plaintiff, as follows:

ATLANTA, GA., March 25 1887

F. H. Schlapbach

I just returned to the city last night, or would have answered suner. I will sind you what shottige I have at presant, if you do not understand, get Mr. Watson to explain, dont let iny one elce know iny thing not even the watchman, when you neede me let me know, and don't undertake to close up the case with out me, iff you think I can be of iny help at all, I can or will com iny time you neede me, I would like to advise with you a little mor ineway.

yours truly

H. T. FELLERS.

ATLANTA, GA., August 1 1887

F H Schlapbach

Dear frend I expected to have bin able to sin you som monnie before now but have bin bin delade, I made out the acount whin I returned and handed it in, the voutcher was sent own but have not returned, as sune as it coms I will be coming up, and will bring it, I would like to heare if Griffin is in jale yeat, also if Henry Williams is still thare, what Chas Heath don with his Horses, is he thare yeat, Kepe a watch out for me

yours very truley

H T FELLERS.

And also erred in excluding the testimony of transactions between the said H. T. Fellers and the plaintiff.

3. Because it being in evidence that E. Berkeley was the superintendent of the Richmond & Danville Railroad Company, and that he had written the following letter, to wit:

PIEDMONT AIR LINE.

RICHMOND & DANVILLE RAILROAD COMPANY,
Office of Superintendent A. & C. A. L. Division,
ATLANTA, GA., June 11th, '88.

*Mr. William A. Williams, Attorney at Law, Greenville, S. C.:*

DEAR SIR : Your favor of the 9th inst. is received. I was under the impression that Mr. Fellers had settled with Mr. Schlapbach for his services. I will have Mr. Fellers to go to Greenville and settle the matter with him.

Yours truly,

E. BERKELEY,
Superintendent.

The judge erred in excluding the said letter from the testimony.

4. Because the said judge erred in granting non-suit in this case, on the ground that there was no evidence that the railroad company had employed the plaintiff to do anything ; and should have decided that there was evidence to go to the jury as to whether the defendant by its agents, C. E. Watson and H. T. Fellers, and superintendent E. Berkeley, had employed the plaintiff to do services for them ; that there was evidence that the plaintiff had performed service for the said defendant, and that it was for the jury to determine whether they were valuable or not.

5. Because the judge erred in granting a non-suit on the ground that there was no evidence to show that there were any services which the R. & D. R. R. Company ever ratified or accepted ; while the whole testimony shows that the company accepted the services of the plaintiff, and the letter of the superintendent shows that the services were ratified, and the only question open was the measure of compensation.

As the presiding judge granted a non-suit for the want of evidence to charge the defendant corporation, we have read the whole testimony in the case carefully. It seems to us that, while the plaintiff, to his credit as a member of the city police, was active in ferreting out the successive robberies committed on the line of the railroad at or near Greenville, there was no evidence showing that the company, or any

authorized agent of it, employed the plaintiff for compensation to act as a detective in uncovering the robbers and their plunder. It is quite clear that there was no pretence of a contract with any one, at least as to the amount, for the action itself is brought upon a *quantum meruit.* It is quite probable that the station agent, Mr. Watson, knowing that the plaintiff was an active man on the police force of the city, and somewhat familiar with the business of a detective, should have spoken to him in general terms, requesting him to assist in discovering the railroad robbers. But if he went further and undertook to make a special contract for services as a detective, binding upon the railroad company, we are constrained to agree with the Circuit Judge, that proof of such a contract to charge the company, could not be admitted until it first appeared that the person undertaking to make it had the authority to do so. This was an emergency not in the ordinary course of business. Such a succession of robberies, happily, are not of every day occurrence; and we cannot suppose that the right to employ detectives at will, in the name of the company, was embraced in the general scope of the powers given to a station agent. "In order to charge one with a contract alleged to have been made by an agent, the agent's authority must be clearly proved, and that it has been strictly pursued." *Bank of Hamburg* v. *Johnson*, 3 Rich., 46; *Piedmont Manuf. Company* v. *C. & G. R. R. Company*, 19 S. C., 373; *Waldrop* v. *Railroad Company*, 28 *Id.*, 159.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.