### GUESS v. SOUTH BOUND RAILWAY COMPANY.

1. FINDINGS OF FACT by the Circuit Judge from written testimony, sufficient to sustain his findings, approved.
2. PLEADINGS—DELIVERY OF DEED.—The complaint alleged that plaintiff signed his name to a deed by fraudulent procurement, and that the deed was then delivered, only to take effect on certain conditions, which not being performed, plaintiff thereafter demanded the deed and it was returned to him. *Held,* that plaintiff could not by testimony question the delivery of this deed; and, besides, having himself testified that it was executed by him in the presence of two witnesses and delivered to the agent of defendant, the proof of delivery was sufficient.
3. POWERS OF AGENT.—An agent of a railroad company authorized to obtain releases of rights of way, has no authority to surrender or cancel a deed to his principal, obtained by such agent, releasing a right of way.
4. RELEASE OF RIGHT OF WAY.—A deed conveying a right of way to a railroad will not be set aside because that it was executed to prevent a more objectionable location, there being no fraud or misrepresentation by the releasee.

Before FRASER, J., Barnwell, March, 1893.

This was an action by S. D. M. Guess, against the South Bound Railway Company, commenced in July, 1891, to set aside a deed by plaintiff to defendant, releasing a right of way. This deed contained the following clause: "Such right of way to be over my said lands in such shape and direction as the said railroad company, its successors or assigns, may select, but so as not to interfere with my dwelling, barn, tenement houses or any other outbuildings, and not nearer than one hundred and fifty yards to my dwelling. But if said railroad company should find it necessary to run its road nearer to my dwelling than first above stated, it may do so on paying such damages, if any, I may sustain thereby, as may be assessed by three disinterested parties, one chosen by me, one by it, and the third by the first two." This deed was dated January 12, 1891, and recorded May 19, 1891.

The sixth paragraph of the complaint was as follows: "VI. The plaintiff admits that he signed his name to the said deed, but alleges that his signature thereto was obtained by fraud

and deceitful practices perpetrated upon him by the agents and employees of the defendant, and when signed was only delivered to take effect upon certain other conditions to be performed by the defendant, which not having been fulfilled, the deed was demanded by the plaintiff, and the same returned to him a few hours after its execution."

The Circuit decree was as follows :

The case was heard by me at the term of the court held in March and April, 1893, on the pleadings and the testimony taken by the master, and on argument of counsel. The action has been brought to set aside for fraud, a deed by plaintiff, giving to defendant a right of way for the railroad over the land of plaintiff, and to obtain an order of the court directing the clerk to empanel a jury, as provided by law, to ascertain a just compensation to be paid by the defendant to the plaintiff for the right of way required and for general relief.

The complaint admits the formal execution of this deed, and, if it did not, I think that the testimony shows that it was signed, sealed, and delivered in the presence of two witnesses. This completion of the deed could not be rendered ineffectual by any subsequent attempts of plaintiff, even if successful, to recover the possession of it from the agent of the defendant railroad company. These attempts, however, failed. The complaint does not allege, and the testimony does not show, that there was any condition on which the *delivery* was to be made. The allegation is that the deed "was delivered to *take effect* upon certain other conditions, to be performed by the defendant." If there were any such conditions by which the operation of the deed could be defeated, those conditions should have been in the deed itself, or in some other instrument of writing of sufficient dignity. It is not competent to defeat such an instrument as this deed by parol testimony. The only exception which now occurs to me is that a deed absolute on its face can be shown by parol to have been intended to be a mortgage.

The only condition which the testimony points to as the conditions referred to in the complaint is that about not acquiring the right of way by condemnation proceedings. This

condition, if properly proved in the case, has been substantially complied with. The notice with which these proceedings in condemnation are commenced, was in the hands of an officer to be served on the plaintiff, and was served on him very soon after this deed was executed, but no further step was taken, and the whole thing fell to the ground, as useless and unnecessary. *See testimony of C. L. Wroton for plaintiff.*

The complaint, however, proceeds on the theory that the deed was executed and delivered in due form, but that it was void for fraud, and asks that it be so declared by the court. As I understand it, the plaintiff claims that the defendant's civil engineers had run the lines across the plaintiff's land, as laid down on a plat introduced in evidence—one called in testimony and argument the bogus line, very near to the residence of plaintiff, and very inconvenient and objectionable to him, and also the line covered by this deed, releasing the right of way, much less objectionable to the plaintiff. It is claimed by the plaintiff in this case that the defendant never intended to adopt the bogus line on the final location of the road, and that what was done on that line, indicating that it would be adopted, was a mere trick to induce the plaintiff to give the right of way on the line that was adopted, and that this was such a fraud as rendered the deed for the right of way fraudulent and void.

The railroad company having, as to this right of way, been invested with the State's right of eminent domain, had an absolute right to adopt at its pleasure either of these lines, without accountability to the plaintiff in any way, except to pay the compensation assessed in the mode provided by law. It may be unfortunate that it is so, but there can be no inquiry, in selecting a route, as to the motives which lead to the adoption of one route over another. I am not prepared to say that I would hold that the studied efforts of those who are engaged in locating a new railroad to conceal from the public and from landholders until the last moment, the exact location which may have been determined on by those in authority, would be a fraud on those who acted on their own conditions as to what that location would be, in giving or refusing the right of way.

Parties who buy and sell to each other will expose themselves to imposition by revealing in advance their plans and purposes, and railroad companies would be at a great disadvantage in locating new roads, if they were to be bound, in selecting a route, to disclose what may or may not be their purposes.

I do not see how any design, which may have been expressed by the company, to locate the road on the land of the same persons on whose land the final location is made, can effect the validity of a release of the right of way actually given by the landholder. In this case, however, I do not think that it is sufficiently proved that the defendant company had no real purpose to adopt the bogus line, and that it was run and held out merely as a bluff to induce the plaintiff to give the right of way where he did, and where they wanted in fact. The mere opinion of some of the witnesses on this subject are, even if competent evidence, insufficient to establish a fraudulent intent. The defendant company had the right, but was not bound to adopt either line, and if plaintiff saw fit to give one line without compensation, instead of allowing the condemnation of the other with full compensation in the manner provided by law, he is bound by his choice, and his deed is good, by which he releases the right of way.

The next demand of the plaintiff is that the clerk be ordered to empanel a jury to assess compensation. If I had come to the conclusion that the deed releasing the right of way was fraudulent and void, I do not see how this could be done. "It seems to be well settled, notwithstanding some exceptional cases, that the remedy given by statute to landowners for injuries sustained by taking land for railways, is exclusive of all other remedies, and not merely cumulative." Redf. Rail., § 19. If the deed was void, then there has been served a notice on the owner in writing, and he has a right, "within twelve months" after the new highway shall have been constructed, to *petition* for compensation, "in the manner hereinbefore directed." Now that mode is a petition to the judge of the Circuit wherever such lands are situated. I am not prepared to say that the judge of another Circuit presiding in the Circuit exercises this jurisdiction, but it is not by the court, but a special jurisdiction to be

exercised in a *special proceeding* by the judge himself. Having held, however, that the deed releasing the right of way is void, in order to give any relief in the case, it should appear that something has been done by the defendant company not authorized by the deed releasing the right of way. I do not find any evidence of this. The testimony does not show that any of the earth taken from the deep cuts was deposited, or would have been deposited, outside of the one hundred and fifty feet covered by the deed. I do not, therefore, see any *other relief* which may be granted in this case. It is, therefore, ordered and adjudged, that the complaint be dismissed, with costs.

*Mr. L. Z. Izlar,* for appellant.

*Mr. C. J. W. Hutson,* contra.

February 26, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. As is stated in the "Case" prepared for argument here : "This action was brought by the plaintiff to set aside and declare void a certain deed made by the plaintiff to the defendant, conveying a right of way for defendant's road through the land of the plaintiff, on the ground that the said deed was procured from the plaintiff by artful devices, misrepresentations, fraud, and deceit." It is also alleged that the plaintiff has sustained damages by reason of the throwing out large quantities of earth taken from the deep and long cuts or excavations made for the track of the railway on to the lands of plaintiff, for the removal of which the plaintiff has had to pay the sum of twelve hundred dollars. The prayer of the complaint is that said deed be delivered up cancelled, that the clerk of the court be required to empanel a jury to ascertain a just compensation to be paid by defendant company to plaintiff for the right of way taken, and for other relief appropriate to the case made. The case was heard by his honor, Judge Fraser, upon the testimony taken and reported by the master, who rendered his decree, holding that no fraud in obtaining the deed for the right of way had been proved, and that the testimony did not show that any of the earth taken from the deep cuts was deposited, or would have been deposited,

outside of the one hundred and fifty feet covered by the deed, and he, therefore, rendered judgment dismissing the complaint with costs.    He, however, also held that even if the deed for the right of way could have been held fraudulent and void, the plaintiff could not, in this proceeding, obtain damages for the land taken for the right of way, but he must resort to the special statutory proceeding provided for such a case.

From this judgment plaintiff appeals upon the several grounds set out in the record ; but as the case, in our judgment, turns largely, if not entirely, upon questions of fact, we need not repeat the several grounds of appeal.    In deference to the zeal and ability with which these grounds have been pressed by counsel for appellant, we have carefully examined the testimony set out in the "Case," and we must say, that so far from there being no testimony to sustain the conclusions reached by the Circuit Judge, or that any of such conclusions are manifestly against the weight of the evidence, we think that there is quite sufficient testimony to sustain all of the conclusions of fact reached by the Circuit Judge.    Indeed, the Circuit decree furnishes its own vindication; and for that reason it should be incorporated in the report of this case.

Some question has been raised as to the delivery of the deed, but we think the plaintiff is precluded from raising that question in face of the express allegation in the sixth paragraph of his complaint; but even if it could be raised, the plaintiff's own testimony is quite sufficient to show that the deed was actually delivered, for he says that the deed was *executed* (which, of course, implies delivery) in the presence of two subscribing witnesses, and there is no dispute as to the fact that the deed was then handed to the agent of the defendant, employed to obtain releases of the right of way.    The fact, even if it be a fact, about which there is a direct conflict of testimony, that the deed was returned to the plaintiff afterwards, though subsequently found in the possession of defendant and placed upon record, cannot affect the question, for there is nothing to show that the agent had any authority to cancel the deed; for the fact that the agent, Slade, had authority to obtain releases for the right of way does not

imply an authority to cancel such releases. *Adrian & Vollers v. Lane*, 13 S. C., 183.

Nor does the fact that the deed was executed upon an alleged condition affect the question ; for, waiving the question whether such condition could be proved by parol, it is very obvious from the testimony of the plaintiff himself that the alleged condition was complied with ; for he says, speaking of the deed : "I told him (Slade) that I would give it to him with one understanding, and that would be the final solution of the matter, and that the railroad would have to locate the road through my land according to the deed, and that there should be no further trouble, no condemnation service or any thing else, and Mr. Slade agreed to that, I understood;" and there can be no doubt that the road was located as contemplated by the deed, and there was no further proceedings for condemnation.

From a review of the whole case, we think it clear that the plaintiff, finding that the railway was to be laid out through his land, and that two lines had been run, one much nearer to his dwelling house than the other, and, therefore, much more objectionable than the other, and fearing that the company might adopt the more objectionable line, and have the land over which it ran condemned for the right of way, determined to give the right of way over the other line, in order to prevent the adoption of the more objectionable line, just as has been done by many other landholders, through whose lands railroads have been projected and laid out. And as the Circuit Judge has found as matter of fact that there was no fraud or misrepresentation on the part of defendant, it follows that the plaintiff's claim to have the deed for the right of way set aside, cannot be sustained. Under this view it becomes unnecessary to consider the question as to whether the plaintiff could, under this proceeding, demand that a jury be empaneled to ascertain the compensation to which he is entitled for the right of way which he has already, by a valid deed, conveyed to defendant.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.