9036

ATLANTIC COAST LINE R. R. CO v. DAWES.

(84 S. E. 830.)

RAILROADS. RIGHTS OF WAY. STATION AGENTS. ROADMASTERS. DEC-
LARATIONS. PLATS. EVIDENCE.

1. RAILROADS — STATION AGENTS — DECLARATIONS — EVIDENCE. — A rule that station agents shall have charge of buildings, sidings and grounds at their stations gives them no authority to act with reference to encroachments on the company's right of way, neither at such stations nor affecting their use, and the declarations of such agents with reference to such encroachments, not being within the scope of their authority, are inadmissible in evidence against the railroad company.

2. RAILROADS—ROADMASTERS—DECLARATIONS—EVIDENCE.—A rule that roadmasters shall familiarize themselves with the boundary lines of all company property and promptly report any encroachments upon the land of the company, does not vest him with authority to waive the company's rights to its property by his declarations with regard thereto, and his declarations with reference to such encroachments are inadmissible in evidence against the railroad company.

3. EVIDENCE—DECLARATIONS OF AGENT—AUTHORITY.—Where by the rules of a railroad company, its station agent was under no duty to report encroachments by abutting owners upon its right of way in a

suit by the road to recover possession of part of its right of way encroached upon by defendant, evidence was inadmissible contradicting the agent's denial that he had requested defendant to move her fence off the right of way, and that defendant denied it was misplaced.

4. RAILROADS — RIGHT OF WAY — PLATS — EVIDENCE. — It is error to exclude the testimony of a witness, who assisted in making a plat in evidence, tending to show that it was made for a particular purpose, and was not accurate with regard to other matters shown thereon, as such testimony was material in determining the reliability of the plat as evidence upon the question at issue.

5. EVIDENCE—ADMISSIONS—MAP—EXPLANATION.—In a suit by plaintiff railroad to recover possession of a part of its right of way, alleged to have been encroached upon by defendant, where defendant offered in evidence a plat of plaintiff's right of way which had been put in evidence in a previous suit between plaintiff road and another party, and which showed that the right of way by the scale of the plat was less than claimed in suit by the plaintiff road, the explanation of the roadmaster of the road, who was present when the plat was drawn, who had procured data for it, and who knew the purpose for which it was made, that there had been no attempt to draw it to scale was improperly excluded from evidence.

6. EVIDENCE—ADMISSIONS—COUNTER DECLARATIONS.—Where, in an action by a railroad to recover possession of part of its right of way alleged to have been enroached upon, the defendant introduced in evidence a plat of the right of way used in a previous suit between the railroad and the township, it was error to exclude from evidence another plat of the right of way made earlier by a real estate agent of the company, dead at time of suit, proved to have been his by his handwriting, the second plat being a counter declaration to the first plat introduced by defendant; the purpose of the introduction of such plat being to show the location of plaintiff's right of way.

Before RICE, J., Sumter, April, 1912.    Reversed.

Action to recover possession of real property brought by Atlantic Coast Line Railroad Company against Mary A. Dawes.    From a judgment for defendant, plaintiff appeals. The facts, and exceptions, so far as material, are stated in the opinion.

*Messrs. L. W. McLemore, Mark Reynolds* and *Purdy & Bland,* for appellant.    The latter submit: *Testimony as*

*to statements of agent, not within the scope of their agency, not admissible as against the principal:* 28 S. C. 157; 40 S. C. 450; 35 S. C. 517; 47 L. R. A. (N. S.) 830.

*Messrs. L. D. Jennings* and *R. D. Epps,* for respondent, submit: *Declarations of agent within apparent scope of his agency are admissible against his principal:* 79 S. C. 447.

March 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued to recover possession of a strip of land about eighteen feet wide, extending across defendant's lot adjoining its right of way, opposite the passenger station at Sumter, alleging that the strip is a part of its right of way, and sought incidentally to require defendant to remove some structures thereon, alleged to be of a temporary nature, and to enjoin further trespassing thereon. Defendant denied the allegations of the complaint and pleaded estoppel and adverse possession.

Defendant has owned her lot since 1888. Her mother, Mrs. Epperson, owns an adjacent lot, which also adjoins the right of way. Defendant resides in Pennsylvania and her mother has had control of her lot, as her agent, possibly ever since she has owned it. For many years, ever since defendant has owned the lot, and for some time before, it has been enclosed on the side next the right of way by a fence, which was on the line now claimed by defendant. About 1901 or 1902, several small wooden structures were erected by defendant, or her tenants, on the strip in question. They extend up to the line of the old fence. They are variously spoken of as stores, shops, shacks and shanties. They are of cheap construction, and of no considerable value, and are used as negro restaurants and fruit stands. The plaintiff's roadmaster testified that he knew when these structures were being erected, and that he reported the

erection thereof to the office of the company, to whom it was his duty to report such encroachments on the right of way, and that, as soon as the land was needed for railroad purposes, the company took steps to have them removed.

The jury were instructed that, if the right of way extended into defendant's lot, plaintiff was entitled to recover so much of the strip in question as the evidence showed to be within the right of way, unless defendant had established one or the other of her affirmative defenses by the greater weight of the evidence. In accord with the principle declared in Mrs. Epperson's case (85 S. C. 140, 67 S. E. 235), the jury were further told that merely enclosing a part of the right of way by a fence was not sufficient to put the company on notice of adverse possession; but that there must be, in addition thereto, proof of notice to the company that the fence was an assertion of an adverse or hostile possession. The jury found for defendant.

The first assignment of error charges the admission of incompetent evidence in allowing Mr. Brand, a witness for plaintiff, to be contradicted by Mr. Epperson. Mr. Brand was station agent of the railroad company at Sumter from about 1881 until about 1890, and is now vice president of the company. When he was on the stand defendant asked him, for the purpose of laying the foundation for the contradiction, if he had not, in the city of Sumter, between 1886 and 1890, asked Mr. Epperson to take a message to his wife to the effect that the fence enclosing her lot and the defendant's lot was on the right of way, and that he had been instructed by the company to request her to remove it; and if Mr. Epperson did not tell him, in reply, that his wife said that the fence enclosed her own and defendant's property, and that she would not remove it. This was the evidence relied upon by defendant as notice to the company of her adverse possession. Mr. Brand denied the conversation, and said that, as station

agent, he had nothing to do with such an encroachment on the right of way as the one in question, that it came under the roadmaster's duties; that such a request would not have been made through him, and was not, in fact, so made; and that he had no authority directly from the company nor under his general duties to make it, and that, in fact, he did not make it. At first the Court ruled the proposed contradiction incompetent. But defendant then introduced in evidence certain rules of the company, which the testimony of Mr. Brand tended to show were in effect while he was the station agent. Rule 890, which prescribed the duties of station agents, and rules 837 and 1000, which prescribed the duties of roadmasters, were as follows:

"Rule 890. They will have charge of the company's books, papers, buildings, sidings and grounds, and will be held responsible for the safety and care of all property entrusted to the company in the transaction of its business and for the deportment of employees at their stations.

"Rule 837. You will promptly report any encroachment upon the land of the company by fences, buildings or roads belonging to other persons.

"Rule 1000. They must familiarize themselves with the boundary lines of all company property and will promptly report any encroachment upon the land of the company by fences, buildings or roads belonging to other parties."

Upon the introduction of these rules, the Court allowed the contradiction. This ruling was erroneous. Standing alone, rule 890 cannot be construed to give station agents authority over encroachments upon the right of way at places other than the station grounds, and it is questionable whether it can properly be construed to give them such authority over an encroachment like the one in question, unless it affected the buildings, sidings or grounds at the station, so as to interfere with the proper discharge of their duties in some way, such as the receipt and delivery of freight or baggage, or with the ingress and egress of pas-

sengers or others having business at the station. The encroachment in question was not of such a nature, nor was it at the station, which was located, at that time, several hundred yards distant and across two streets from the present station and the property in question. But when this rule is construed in connection with rules 837 and 1000, it is clear beyond controversy that it was the duty of the roadmaster and not that of the station agent to report the encroachment, and the roadmaster, Mr. Bruner, testified that he, in fact, did report it. So that, upon the construction of the rules alone, it cannot be said that Mr. Brand had any authority to deal with this encroachment. But added to this we have his positive testimony that he had no such authority. The contradiction was, therefore, improperly allowed, for it is well settled that the declaration of an agent, touching a matter not within the scope of his authority, is not binding upon the principal. *Piedmont Mfg. Co.* v. *R.-R. Co.,* 19 S. C. 353; *Waldrop* v. *R. Co.,* 28 S. C. 158, 5 S. E. 471; *Schlapbach* v. *R. Co.,* 35 S. C. 517, 15 S. E. 241; *Guess* v. *Ry.,* 40 S. C. 450, 19 S. E. 68.

The next assignment of error is in allowing plaintiff's witness, Mr. Bruner, the roadmaster, to be contradicted by Mrs. Epperson. He was asked if Mrs. Epperson had not requested him to fill a certain hole in the right of way, as now claimed by plaintiff, in front of her property, and possibly also in front of defendant's property, and if he had not replied that it was not on the right of way, but on her own property, and that he would not fill it. He denied the conversation, and, against objection, the Court allowed Mrs. Epperson to contradict him. The cases above cited show that this was error, as there was no testimony tending to show that Mr. Bruner had any authority from the company to bind it by any such declaration. Under rules 837 and 1000, above quoted, his duty was limited to ascertaining the boundary lines of the company's property and reporting encroachments thereon.

This certainly does not, directly or by implication, vest in him authority to waive the company's rights to its property by his declarations with regard thereto.

The defendant introduced a certain plat of the plaintiff's property in Sumter obtained from some of its officers in settling a dispute between the company and the city of Sumter touching another matter. On this plat the right of way is shown by scale as being of less width than that now claimed by plaintiff. In reply, plaintiff sought to prove by Mr. Bruner, who assisted in making the plat, that it was not made for the purpose of accurately locating the right of way to which the company was entitled by law, but merely to show the open space available, at that time, for the rearrangement of its tracks. The Court erred in excluding this explanation of the plat. It matters not that Mr. Bruner did not make the plat, or that his own measurements and figures did not appear thereon, though he said that some of them did. He testified that he was present when it was made and assisted in procuring the data for it, and that he knew the purpose for which it was made. A plat made for a particular purpose, or to show a specific location, may not be, and often is not, accurate with regard to other matters shown thereon. These are often sketched in, without accurate measurement or location. Therefore, the purpose for which the plat in question was made was very material in determining its reliability as evidence upon the question at issue.

This plat appears to have been made in 1901, and plaintiff sought to rebut the inference which defendant sought to draw from it by introducing a plat made in 1897 of the company's property and rights of way in and near the station and yards at Sumter by Mr. Britt, who was, at that time, a civil engineer and real estate agent of the company. This plat showed the right of way as now claimed by plaintiff. Mr. Bruner testified that Mr. Britt was dead, that he knew his handwriting, and that the

blue print offered showed that it was his work, and that Mr. Britt had given him a blue print of the plat.    The Court erred in excluding this plat.    If the plat of 1901 was competent as a declaratory act of the company, tending to show that it did not then claim to the extent that it does now for its right of way, clearly the plat of 1897 was admissible as a counter-declaration, that it was then claiming to the extent that it now claims, and also as corroborating the testimony of Mr. Bruner, which was erroneously excluded, as to the purpose for which the plat of 1901 was made.

In this view of the case the questions presented by the remaining exceptions are academic and need not be considered.

Judgment reversed.