11407

### JETER v. LIBERTY LIFE INSURANCE CO.

(121 S. E., 204)

INSURANCE—INSURER ENTITLED TO SHOW EXTENT OF AUTHORITY INTRUSTED TO AGENT.—In an action on an insurance policy defendant is entitled to show the extent of the authority intrusted to the agent writing the policy, and whether the agent was acting within his authority.

Before SEASE, J., Union, 1923.   Reversed.   Action by A. Jeter against Liberty Life Insurance Co.   Judgment for plaintiff and defendant appeals.

*Messrs. Wallace & Smith,* for appellant, cite:   *Authority of agent must be proven:*   98 S. C., 282; 35 S. C., 521; 3 Rich., 46; 19 S. C., 373; 28 S. C., 159; 100 S. C., 263; 40 S. C., 450; 3 Brev., 475; 27 S. C., 134; 73 S. C., 43.   *Person dealing with agent must ascertain scope of his powers:* 21 R. C. L., 853; 908, 909; 10 Rich. L., 338; 86 S. C., 167; 74 S. C., 74.

*Messrs. Sawyer & Kennedy,* for respondent, cite:   *Liability of principal for acts of agent:* 27 S. C., 381; 65 S. C., 75; 69 S. C., 421; 76 S. C., 211; 97 S. C., 375; 102 S. C., 386; 115 S. C., 442; 21 R. C. L., 856.   *Evidence of agent for insurance company:* 51 S. C., 544; 96 U. S., 86.   *Findings of facts by Magistrate not reviewable on appeal if supported by any evidence:* 117 S. E., 721; 122 S. C., 357.   *Implied contract:* 13 C. J., 241, 242; 105 S. C., 475.

January 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor Judge Sease affirming a judgment of Magistrate's Court, rendered in favor of the respondent against the appellant, for $90.

Exceptions 1, 2, and 3 are as follows:

"1. That his Honor, Judge Sease, erred in sustaining the Magistrate's ruling that plaintiff could introduce testimony proving his claim of damages without introducing any evidence; that defendant's agent was acting within the scope of his authority, or within the course of his employment.

"2. That his Honor erred in sustaining the Magistrate's ruling that the defendant could not introduce in evidence the contract of employment between the defendant and its agent; nor the written instructions that defendant gave its agent; nor any testimony which tended to show the scope of the authority of the defendant's agent, and which tended to show whether or not defendant's agent was acting within the course of his employment.

"3. His Honor erred in not reversing said judgment upon the ground that the plaintiff was estopped, because he had actual notice that said agent did not have authority to bind the company, defendant; and that the policy of insurance was void, and that all that was due on said policy was a refund of the premiums that had been paid, and therefore could not have been misled by any statements or representations of defendant's agent."

These exceptions must be sustained and a new trial granted. The Magistrate in his report of the case says:

"The defendant's counsel offered in evidence a contract of employment with its agent, Mr. W. M. Young; same was objected to by plaintiff's counsel, on the grounds that, unless the contract between the defendant and its agent was shown to the plaintiff, or its contents called to his attention, he would not be bound thereby. Objection was sustained."

The appellant had a right to show what power and authority it had intrusted to its agent and whether he was acting in the authority intrusted to him. *Dupuy v. Williams,* 91 S. C., 185; 74 S. E., 381. *Maybank v. Rodgers,* 98 S. C., 282; 82 S. E., 422. *Railroad Co. v. Dawes,* 100 S. C., 263; 84 S. E., 830, Ann. Cas., 1917A, 1272.

Judgment reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur. MR. CHIEF JUSTICE GARY did not participate.