SOUTHERN RY. v. BEAUDROT.

1. RAILROADS—RIGHT OF WAY—EASEMENT—NONSUIT—NUISANCE.—
Where a land owner encloses with a permanent fence a part of
the right of way of the railroad succeeding to the rights of the old
Greenville and Columbia R. R., under exclusive claim of right to
use and occupy, it is improper to grant nonsuit in action for removal
of fence, in absence of proof that defendant did not intend to claim
the land adversely to the easement of plaintiff, or that the railroad
had ceased to use the same for corporate purposes.

2. NONSUIT—ESTOPPEL—APPEAL.—IN EQUITY case, issues submitted to
the jury, nonsuit is improper; but when granted, plaintiff is not
estopped from appealing from order dismissing complaint on calendar 2, because he did not object thereto.

3. NUISANCE—PLEADINGS.—A COMPLAINT for removal of fence on railroad right of way need not allege that the right of way is desired or
required for railroad purposes, or that it had been so used, or was
essential to such use.

Before KLUGH, J., Greenwood, April, 1901.    Reversed.

Action by Southern Railway against M. A. Beaudrot.
From order of nonsuit in trial of issues and equity order dismissing complaint, plaintiff appeals.

*Mr. T. P. Cothran,* for appellant, cites: *This was an
equity cause, and the nonsuit was improper:* 6 L. R. A., 262;
10 Ency., 2 ed., 431; 57 S. C., 293; 17 S. C., 417; 54 S. C.,
123; 60 S. C., 559; 47 S. C., 446; 54 S. C., 115. *Plaintiff
is entitled to relief prayed for:* 60 S. C., 389; Lewis Em.
Dom., sec. 586; 6 Am. R., 184; 31 Am. R., 192; 35 Am. D.,
305; Cooley Con. Lim., 557, 691; Wash. Easemt., 159; 10

L. R. A., 855; 1 McM., 174; 32 Vt., 43; 57 Am. Dec., 74; 62 Fed., 135; 6 Rich., 296.

*Messrs. Sheppards & Grier,* contra. *Mr. Grier* cites: *This is not strictly an equitable action, and nonsuit could be granted:* 17 S. C., 416; 49 S. C., 96; 4 N. J. Eq., 234; 14 Ency. P. & P., 1110. *Right of way of a railroad is an easement, and owner of land may use it for any purpose not inconsistent with such easement:* 3 Cook on Corp., 2207; 3 Strob., 224; 5 Rich., 405; Coke Lit., 147; 60 S. C., 559; 22 S. C., 547; 1 L. R. A., 14.

March 29, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to require the defendant to remove a fence which she had erected on plaintiff's right of way, and to enjoin defendant from further obstructing said right of way. The defendant, by her answer, among other things, raised an issue of title to the premises claimed as a right of way, denying that plaintiff had any interest of any kind whatsoever in said premises, and setting up adverse possession of said premises under claim of title, exclusive of any other right. The answer further denied that said fence in any wise interfered with the free and uninterrupted use of said right of way, if any existed. The case was docketed upon the calendar for trial of issues by a jury. Upon the trial before a jury, it was admitted by defendant's counsel that the fence in question was within thirty-nine feet of the center of the railroad track of plaintiff. The complaint alleged that the fence was a structure of a permanent character, and the answer admitted that the fence was a substantial plank fence, erected for the purpose of enclosing defendant's lot. It also appeared by the pleadings that plaintiff had given defendant notice to remove said fence from the alleged right of way, and that defendant refused to remove the same. Upon the conclusion of plaintiff's testimony, on defendant's

motion, a nonsuit was granted upon the ground that there was no testimony tending to establish the allegation of the complaint that the obstruction to the plaintiff's right of way alleged in the complaint is of a permanent character, was placed there without the knowledge or consent of plaintiff, and is an obstruction to the free and uninterrupted use by the plaintiff of the right of way. After the order of nonsuit, the case was called for trial on calendar No. 2, and an order was granted dismissing the complaint. From the judgment entered the plaintiff appeals upon exceptions assigning error in the granting of the nonsuit.

We think there was error in granting the nonsuit. It appears that the plaintiff succeeded to the property rights and franchises of the Greenville and Columbia Railroad Company, and that sec. 11 of the act of 1845, chartering said Greenville and Columbia Railroad Company, provided: "That in the absence of any written contract between the said company and the owner or owners of the land through which the said railroad may be constructed in relation to said land, it shall be presumed that the land upon which the said railroad is constructed, together with 100 feet on each side of the centre of said road, has been granted to the said company by the owner or owners thereof, and the said company shall have good right and title to the same (and shall have, hold and enjoy the same), unto them and their successors, as long as the same may be used only for the purpose of the said road, and no longer, &c." Under the construction placed upon a similar provision in the charter of the Spartanburg and Union Railroad Company, in the case of *Ragsdale v. Southern Railway Co.*, 60 S. C., 389, it may be conceded that the plaintiff had acquired only a right of way over the land of defendant, embracing the space of 100 feet on each side of the centre of the railroad track, and that plaintiff's right to the possession of said space was "so long as the same may be used only for the purpose of the said road, and no longer." In the absence of any testimony whatever to show that the

plaintiff was using said space for a purpose other than a railroad purpose, or in the absence of any showing that plaintiff had abandoned said right of way, a presumption would exist that such space was needed for the use of the railroad as a right of way, pursuant to the purposes of the original acquisition.   Having a mere easement in the land, plaintiff's right of possession is not exclusive, except in so far as the land covered by the right of way is actually needed for the purpose of constructing, operating or maintaining the railroad.   Subordinate to this right acquired under the State's eminent domain, the owner of the fee has the right to the use and possession of the land covered by the right of way for any purpose not incompatible with the purposes for which the easement was granted or acquired.   Lewis Em. Dom., sec. 586; Cooley Const. Lim., 691; *Kansas Central Ry. Co.* v. *Allen,* 22 Kan., 285; 31 Am. Rep., 190; *East Tenn. etc. R. R. Co.* v. *West,* 10 L. R. A., 855.   As already stated, it appears in the "Case" that the defendant had erected within the alleged right of way a substantial fence, enclosing what defendant claimed exclusive of any right therein by plaintiff.   Such an assertion of right to exclusive occupancy of the land is not compatible with the right of easement belonging to the plaintiff.   If such adverse holding should run for the statutory period, the easement would be defeated.   We do not say that the mere use or cultivation of land within the right of way acquired by a railroad company is such adverse use as would give currency to the statute of limitations, unless the use is inconsistent with the easement; but we do say that the enclosing of land within the right of way, under a claim of exclusive right to use and occupation and a refusal to remove the enclosure after demand therefor, is some evidence of the assertion of a claim incompatible with plaintiff's alleged easement, which under the issues raised ought to have been submitted to the jury.

A different question might have been presented if defendant had disclaimed any intention to assert any claim to the premises hostile to the plaintiff's alleged easement.

There is another reason why the nonsuit was improper. The case was one in equity, with certain legal issues triable by jury. In such cases nonsuit is improper; but the jury should pass upon the issues triable by them under proper instructions. *McClinaghan* v. *McEachern*, 47 S. C., 446; *Barnes* v. *Rogers,* 54 S. C., 123; *Gilreath* v. *Furman,* 57 S. C., 293.

The respondent gave notice that she would seek to sustain the judgment below on the following grounds:

"1st. It was error in his Honor to overrule the demurrer of defendant to the complaint herein, the error being this: (a) The said complaint does not contain any allegation that plaintiff desired or required the property, or the use thereof, on which the said fence was erected, as alleged, for any railroad or other corporate purpose; failing in this, the complaint did not state a cause of action, and his Honor should have so held. (b) It is not alleged in said complaint that plaintiff had ever made any use of this portion of its alleged right of way, nor is it alleged that it desired to use the same for any corporate purposes, or that it was essential for plaintiff to have the same for any corporate purpose, nor is it alleged that the plaintiff was using in any way the said property on which the said fence is alleged to have been built; failing in which, the complaint did not state facts sufficient to constitute a cause of action, and his Honor should have so held.

"2d. Because the entire record shows an entire and total failure of any testimony to establish plaintiff's cause of action, or entitling plaintiff to any relief whatever, and the Circuit Judge could not do otherwise than dismiss the complaint.

"3d. There was total failure of any testimony to sustain plaintiff's alleged cause of action in any material part and the nonsuit was, therefore, proper.

"4th. Plaintiff did not object to his Honor dismissing the complaint, and cannot, therefore, now be heard to complain."

As to the 4th ground above, it cannot be sustained. After

the granting of the nonsuit as to the issues triable by jury upon which the ultimate equitable relief depended, there was nothing left to do but dismiss the complaint. Plaintiff could not further object, after he had been deprived of submitting issues to the jury which it was essential should be first determined by jury before the hearing on the equity side of the Court.

The third and fourth grounds have been practically disposed of already.

As to the remaining ground, we deem it only necessary to say that we agree with the Circuit Court, that the complaint is not demurrable for insufficiency in the particular alleged.

The judgment of the Circuit Court is reversed, and the case remanded for further proceedings in accordance with the views herein announced.