### 7070

COLUMBIA, NEWBERRY AND LAURENS RAILROAD CO. v. LAURENS COTTON MILLS.

1. RAILROADS—RIGHT OF WAY—ESTOPPEL—LIMITATION OF ACTIONS.—A railroad company, knowing that another is erecting permanent improvements on its right of way, which does not object, is estopped from afterwards asserting its right to so much of its easement as is occupied by such improvements. If such improvements are allowed to remain on its right of way for ten years, being used adversely, the company is barred by the statute from using the way so occupied.

2. REHEARING refused, but opinion limited to the lands actually covered by the structures of defendant.

Before WATTS, J., Laurens, Spring term, 1907. Affirmed.

Action by Columbia, Newberry and Laurens Railroad Company against Laurens Cotton Mills. From judgment for defendant, plaintiff appeals on the following exceptions:

1. "Because, upon request of the plaintiff, his Honor having charged the jury: 'That the plaintiff cannot be estopped from asserting its rights in this case unless the following conditions existed at the time of putting the improvements on the right of way, to wit: (1) Unless the alleged silence was practiced by the authorities of the railroad company with a knowledge of the rights of the railroad company, both in fact and in law; and (2) unless Mr. Lucas, who is

shown to have been acting for the cotton mill company, was ignorant in fact of the right of the railroad company; and (3) unless such silence was practiced with the intention that the cotton mill company should act upon it; and (4) unless the cotton mill company was induced by such silence so to act;' he modified the same by charging the defendant's third request to charge, to wit: 'Defendant alleges that it erected the houses and raised the pond with full knowledge on the part of the plaintiff, and that plaintiff did not object thereto until after the houses were erected and the pond was raised. I charge you that if you find this to be the fact, from the evidence, then your verdict must be for the defendant. I charge you that if one person stands by and sees another erect permanent improvements upon land which said person knows to be his own, and does not object, but permits his neighbor to go on and finish said improvements, then he is estopped by conduct and cannot after that claim the property;' said modification being error as fixing for the foundation of a plea of estoppel knowledge only, on the part of the plaintiff that the defendant was erecting the improvements and its failure to object thereto, regardless of the question whether the defendant through its proper officers was ignorant in fact of the right of the railroad company, and regardless of the question whether the silence of the railroad authorities was practiced with a knowledge of the rights of the railroad company both in fact and in law, and regardless of the question whether such silence was practiced with the intention that the defendant should act upon it, and regardless of the question whether the defendant was induced by such silence to erect its improvements.

2. "Because, at the request of the defendant, his Honor charged the jury as follows, to wit: 'The defendant also alleges that the plaintiff not only knew of the erection of the said permanent improvements, but that the said plaintiff actually assisted in doing certain acts which were necessary to the erection of said improvements. I charge you that if you find this to be a fact, then the plaintiff is estopped to

claim the property, and your verdict must be for the defendant,' which plaintiff submits was error, first, because it based the defense of estoppel solely upon the knowledge of the plaintiff of the erection of the permanent improvements referred to, regardless of the question whether the said defendant was itself ignorant of plaintiff's rights, or had the means of knowledge, and of whether the silence was practiced by the authorities of the railroad company with a knowledge of defendant's rights, and whether such silence was practiced with the intention that the defendant should act upon it and whether the defendant was induced by such silence to so act; and said request so charged was error, because it instructed the jury that if the plaintiff knew of the erection of said permanent improvements, and assisted in doing certain acts which were necessary to the erection of said improvements, the plaintiff was estopped to claim the property, and the verdict of the jury must be for the defendant; thus in effect charging on the facts of the case. and taking away from the jury the question as to whether they should find the plaintiff estopped by such acts or not.

3. "Because his Honor charged the jury as follows, to wit: 'Now, I charge you further, as matter of law, that if this railroad had an easement there of 100 feet, as contended for, or for any number of feet whatever, and they knowingly stood by and allowed the factory to put valuable and permanent improvements there, and they knew they were putting the improvements on their right of way, and knew they were going to use it in a manner inconsistent with their claim of an easement there, claim to use it for railroad purposes, and if they stood by, knowing they were putting these improvements there, had knowledge of it, either in law or in fact—and every man is presumed to have knowledge of an act of the Legislature; and act of the Legislature is constructive notice to the whole world, the same as the recording of a deed in the clerk's office. You can go and notify a man, I claim so and so, such and such a state of facts, tell him in person; that is an actual notice. You buy a tract of

land and take your deed and put it on record in the proper office in the county where the land is situated; that is constructive notice to the whole world.   Or an act of the Legislature—everybody is presumed to know what the Legislature does.   They are published in book form, the acts of the Legislature.   You don't have to prove them in court; you can introduce them in court without putting up anybody to prove them.   If the railroad knew of their rights, and if they knew that Mr. Lucas, or any of the authorities of the mill, were occupying this right of way, and putting valuable improvements there, and claiming it as their own, and they stood by, knowingly, and allowed him to put valuable improvements there, then in equity and in good conscience they would be estopped, if valuable improvements were put there, if they had knowledge of it at the time they were going there, being put up, they would be estopped, in good conscience and in equity, from now coming in and claiming that they had an easement in the road over which they allowed them to occupy the land.   If, on the contrary, they had no knowledge of it, did not have any actual knowledge of it, or any constructive notice of it, or anything of the sort, casually looked there and did not think any of the right of way of the railroad was occupied, any easement of the railroad, anything within 100 feet on each side, then they would not be estopped;' said charge being error in that it based the defense of estoppel solely upon the knowledge, constructive or actual, of the railroad authorities that the defendant was erecting the permanent improvements, regardless of the question whether the defendant at the time knew of plaintiff's right of way, or had means of knowledge, and whether the plaintiff's silence was practiced with the intention that the defendant company should act upon it, and whether the defendant company was induced by such silence so to act; the same being error also in that it instructed the jury that constructive notice to plaintiff would be sufficient to base the defense of estoppel on.

4. "Because his Honor charged the jury as follows, to wit: 'If, on the contrary, you believe that the railroad has an easement of 100 feet there, or any other number of feet, on each side, and the cotton mill went and built houses on that, and the railroad had no knowledge of the fact that they were putting them up there, and did not mislead them, or did not give them permission to do it, or anything of the sort, then the railroad is entitled to win, and they can have their easement there to do as they please with;' said charge being error in that it instructed the jury that they could find for the plaintiff upon the defense of estoppel only if the plaintiff had no knowledge of the fact that the defendant was putting its improvements upon said right of way and did not mislead them or give them permission to do it.

5. "Because his Honor having charged plaintiff's first request to charge, to wit: '1. That as there is no evidence that the Laurens Railroad Company originally entered upon the lands in question under a written contract the law presumes that the land upon which the said railroad was "constructed, together with two hundred feet on each side of the center of said road," was "granted to said company by the owner, or owners thereof," and you must so find: The grant, however, was only a right of way for railroad purposes only,' and there being no evidence before the Court tending to establish that the plaintiff has lost any part of its right of way through estoppel or by any operation of the statute of limitations, except as to the ground actually occupied by the Fleming houses, his Honor, upon the motion of plaintiff, should have granted a new trial upon the second question submitted to the jury, the said verdict finding that such right of way was only fifteen feet on either side of the center line of the plaintiff's roadbed.

6. "Because, upon motion for a new trial, his Honor, the presiding Judge, should have held that in the absence of written evidence showing a limitation of plaintiff's right of way, it was entitled to a right of way of one hundred feet in width on either side of the center line of its track, and that,

even if it was barred by the statute of limitations from asserting its right, or estopped to, assert its right to any part of said right of way actually occupied by defendant's permanent improvements, he should have granted the new trial as to all except the locations actually so occupied and protected by estoppel or the statute of limitations.

7. "Because, upon the motion for a new trial, his Honor should have held that even if the plaintiff was estopped from asserting its right to any portions of its alleged right of way on account of the erection of improvements thereon, such estoppel would only operate so long as the improvements actually remained thereon, and should have granted a new trial so that the verdict of the jury might be modified in that respect.

8. "Because, upon consideration of the cause, his Honor, the presiding Judge, should have held that as there was no evidence that the Laurens Railroad Company originally entered upon the lands in question under a written contract, the law presumes that the land upon which said railroad was constructed, together with 100 feet on each side of the center of said road, was granted to the said company by the owner, or owners, thereof, but that the grant was of a right of way for railroad purposes only.

9. "Because, upon consideration of said cause, his Honor should have found that the right of way so presumed to have been originally granted and exercised by the company had not been defeated by the statute of limitations, in favor of the owner of the land across which said right of way lies, as there was no evidence that they had erected enclosures or improvements of a permanent character thereon, or had maintained the same for ten years before the commencement of the action, to wit: the 26th day of October, 1904, except as to the Fleming houses, and his Honor should have decreed accordingly. .

10. "That upon consideration of said cause, his Honor should have found that it was neither alleged nor proven that the defendant company, at the time of the erection of the

alleged improvements on the right of way, was ignorant in fact of the right of the railroad company, and should have found that there was no evidence that the alleged silence practiced by the railroad authorities was practiced with the knowledge of the rights of the railroad company, both in fact and in law; and should have found that there was no evidence that such silence was practiced with the intention that the cotton mill company should act upon it; and should have found that there was no evidence that the cotton mill company was induced by such silence to erect said improvements; and should accordingly have decreed that the plaintiff was not estopped to assert its right of way against the defendant company.

11. "Because, upon the consideration of said cause, his Honor should have found that there was no evidence that there had ever been any abandonment of the right of way by the plaintiff company or by the Laurens Railroad Company, from which the plaintiff company derived its rights, and should have decreed accordingly.

12. "Because, upon the consideration of said cause, his Honor should have found that even if the three Fleming houses were placed on the right of way more than ten years before the commencement of the action, and had remained there continuously up to the commencement of the action, that the plaintiff's easement was barred thereby only to the extent of the right of way actually occupied by said three houses.

13. "Because, upon the consideration of said cause, his Honor should have concluded that even if the plaintiff was barred by estoppel, or by the statute of limitations, as to any part of the alleged right of way, it would be so barred only to the extent of the land actually occupied by such houses or other improvements, and should have decreed accordingly.

14. "Because, his Honor, upon consideration of said cause, should have held that even if the plaintiff was estopped to assert its rights as against the defendant for any part of the alleged right of way, on account of the erection

of houses or other improvements thereon, he should have
held that such estoppel would only operate so long as such
houses or improvements were actually maintained thereon,
and should have decreed accordingly.

15. "Because his Honor, upon consideration of the said
cause, should have held that the defendant had knowledge
in law of the rights of the plaintiff to the right of way
whereon the defendant erected its structures, when the same
were erected, from the act of the Legislature giving this
right of way, and for that reason the defense of estoppel
could not be sustained, and should have decreed accord-
ingly."

*Messrs. W. H. Lyles, Simpson, Cooper & Babb,* for ap-
pellant.    *Mr. Lyles* cites: *Purchasers of land are bound to
take notice of right of way:* 77 S. C., 228.  *Estoppel by
silence cannot bar right to an easement unless owner have
knowledge in law and in fact of his right:* 67 S. C., 432.

*Messrs. Simpson, Cooper & Babb* cite: *Plaintiff acquired
the easement by purchase from the Laurens Railroad, which
acquired it under its charter:* 60 S. C., 389; 68 S. C., 267;
67 S. C., 548; 77 S. C., 228.  *Requisites to make up estop-
pel by conduct:* 23 L. Ed. U. S., 927; *Henshaw* v. *Bissell,*
21 L. Ed. U. S.; 27 Id., 229; Big. on Estoppel, 434;
16 Cyc., 726, 731, 741, 759, 734, 730, 738; 42 S. C., 348;
13 S. C., 355; 57 S. C., 508; 67 S. C., 432; 72 S. C., 228.
*What non-user makes out abandonment:* 4 Cyc., 1186; 6
Rich., 396; 22 S. C., 546.  *Cultivation or occupation will
not give currency to the statute:* 77 S. C., 228; 67 S. C., 499;
13 S. C., 355.

*Messrs. Ferguson & Featherstone,* contra, cite: *What con-
stitutes estoppel:* 12 S. C., 351; 31 S. C., 153; 1 Bay., 241;
11 Ency., 428; 40 W. Va., 442; 22 S. C., 549; 40 S. C., 402;
*Kirk* v. *Hamilton,* 102 U. S.; 67 S. C., 451.  *Equitable
estoppel:* 2 Pom. Eq., secs. 802, 804; Herman on Estoppel,

secs. 948, 953. *Constructive fraud all that is necessary:* 2 Pom. Eq., sec. 803; Herman on Est., secs. 953, 954, 948, 949, 974; 4 A. & E. D. in Eq., 258; 70 S. C., 206; 3 Strob., 371; 12 S. C., 351. *Ignorance of title:* Herman on Est., secs. 955, 952, 953, 965, 995; 12 S. C., 354; 67 S. C., 432. *Laches:* 1 Pom. Eq., 418-9; 143 U. S., 224; 155 U. S., 448; 11 Rich. Eq., 27; 1 Strob. Eq., 324; McM. Eq., 134. *If both parties are innocent, plaintiff must lose:* 2 Pom. Eq., sec. 803; 93 U. S., 326.

The opinion herein was filed July 24th, but remittitur held up on petition for rehearing until

November 26, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 26th day of October, 1904, the plaintiff began its action. In its complaint it gives a detailed account of the creation and continuation of the plaintiff as a railway corporation, which, as far as this action is concerned, was said to have a right of way from the station of Dover, in Laurens county, to the town of Laurens, in said county, 100 feet in width from the center of the road-bed on each side of the track; and that:

The defendant, which is a corporation, in violation of the plaintiff's easement in the lands lying on each side of the railroad from the center of the track, has proceeded to erect a large number of dwelling houses, about thirty or forty, and a store building and an office building on plaintiff's said right of way, and also proceeded to dig and excavate ditches and to raise a pond of water on said right of way, and that although the plaintiff has demanded that the defendant shall no longer interfere with the plaintiff's right of way as aforesaid, the said defendant continues to occupy and refuses to remove the same, to the plaintiff's great and permanent injury; and the plaintiff alleges that such use of said lands by the said defendant is wholly inconsistent with plaintiff's

right of way thereover and is calculated to deprive the plaintiff permanently of the same.

The answer of the defendant denies each and every allegation of the complaint except as is hereinafter admitted or explained.

It admits that it erected certain houses and raised a pond of water in said premises situate in the city of Laurens, not far from the railroad operated by the plaintiff, but it alleges that said improvements are upon the land owned in fee by this defendant, in which this plaintiff has no interest whatever, by easement or otherwise; it further alleges that the title of said land was acquired by this defendant by purchase, and this defendant and persons under whom it claims have been in open, notorious and exclusive possession of said land for a period of more than twenty years before the commencement of this action, and that plaintiff nor its grantors has exercised any acts of ownership over the same for ten, twenty or forty years before the commencement of this action.

The defendant further alleges: "That the improvements were made in full view and with full knowledge on the part of the plaintiff, and that plaintiff acquiesced in the erection of said improvements, and consented and assisted in the said work, and is estopped to question the title of defendant or its rights to occupy and enjoy the said premises."

The defendant further alleges: "That the act referred to in the complaint was amended by an act, approved December 19, 1849, and defendant pleads said amendment by way of defense to this action."

The defendant alleges that the right of way supposed to have been acquired by plaintiff was abandoned and all rights thereto were lost and forfeited. Wherefore, defendant demands that the complaint be dismissed, with costs.

After hearing the pleadings, a motion came before Judge Klugh for an order of reference, which was resisted by the defendant; the Judge holding:

"After hearing the argument of counsel, I am satisfied that the issue of title to real estate is raised by the answer, which issue must first be tried by a jury. The motion to refer the cause is, therefore, refused."

At the Spring term, 1907, of the Court of Common Pleas for Laurens county, the cause came on to be heard before Judge Watts and a jury, and after hearing counsel, Judge Watts held:

"I will submit to that jury the question as to whether or not you are entitled to recover the easement as sued for, and allow them to interpose as defenses to that the statute of limitations, abandonment and estoppel and reserve the betterment feature."

Thereupon both sides offered testimony and made requests to the Circuit Judge to charge; a form of verdict was submitted to the jury as follows:

"The first question is, has the plaintiff an easement in the lands in dispute? You sign that No or Yes; if you think they have no easement in it, then sign it No. Write No after that, then you need not go any further; if you write it Yes, then you go to the second question; if so, how many feet on each side from the center of the roadbed? There you find a 100 feet, ninety feet, seventy-five feet, fifty feet, eight, ten or five feet, or whatever you may find it is."

The verdict of the jury was as follows:

1. "Has the plaintiff an easement in the lands in dispute? Yes.

2. "If so, how many feet on each side from the center of the roadbed? Fifteen (15) feet. G. C. Byrd, Foreman.

"May 25, 1907."

A motion was then made for a new trial on the minutes of the Court, which was refused.

The plaintiff then appealed to this Court upon fifteen grounds, which must be reported. We will now consider these grounds in their order:

1. It is certainly true that the established law in this State so far as the Southern Railway and also the Laurens

Railroad, as well as the Columbia, Newberry and Laurens Railroad are concerned, is that under their charters the said railroads acquired a right of way for railroad purposes of one hundred feet on each side of the roadbed, there being no written contract between said railroads and the owners of lands through which said railroads were constructed in reference to this right of way. *Ragsdale* v. *Ry. Co.,* 60 S. C., 389, 38 S. E., 69; *Ry.* v. *Beaudrot,* 63 S. C., 267; 41 S. E., 299; *Hill* v. *Ry.,* 67 S. C., 548, 46 S. E., 486; *Harmon* v. *Ry.,* 72 S. C., 228, 51 S. E., 689. But in *Ry.* v. *Beaudrot, supra,* it was held, in discussing the interference with the alleged right of way by a substantial fence enclosing what defendant claimed exclusive of any right therein by plaintiff, that "such an assertion of right to exclusive occupancy of the land is not compatible with the right of easement belonging to the plaintiff." In the case at bar, there was a positive appropriation by the defendant of a part of the right of way, reducing the same in some instances to about fifteen feet. This being so, it followed necessarily that so much of the right of way of the original one hundred feet on each side as was covered by the defendant's buildings was an appropriation to that extent of plaintiff's original right of way. Therefore, this matter of abridgment being submitted to the jury, under the testimony offered by both sides, the original right of way of one hundred feet was reduced to fifteen feet. This doctrine was also asserted in the case of *Hill* v. *So. Ry. Co., supra,* at pages 552 and 553. This exception is overruled.

2. One great difficulty of the plaintiff in presenting its exceptions is, that by piecemeal it seeks to present objections to the charge of his Honor; we have read with care not only these exceptions, but also read the charge as a whole, and we find that the charge of his Honor when construed, as a whole, must be sustained. This exception is overruled.

3. The Circuit Judge was considering the effect of estoppel, and within proper limits he sustained the application

of estoppel as against plaintiff's rights; the jury so found, and it is, therefore, a closed book to us, so to speak.

4. We do not see how there could be two opinions; the Judge very properly held: "If you believe that the railroad has an easement of 100 feet there, or any other number of feet on each side of the track, and the cotton mill went and built houses on that and the railroad had no knowledge of the fact that they were putting them up there and did not mislead them, and did not give them permission to do so, or anything of the sort, then the railroad is entitled to win." Now, the Circuit Judge fairly left it to the jury to say whether, under the testimony, the plaintiff had no knowledge of the fact and did not mislead them or give them permission to do it; the testimony, unfortunately for the plaintiff, tended to negative the existence of any such fact, and the jury, therefore, found against it.

The Circuit Judge thus having properly submitted this matter to the jury, the exception cannot be sustained.

5. When the matter was in issue as to what part of the original roadbed of the railroad had been lost to the railroad by its laches, the trend of the testimony established that what was known as the three houses erected by J. O. C. Fleming in 1882, within thirty feet of plaintiff's roadbed, and that such houses remained as originally constructed and was sold in 1895 to the defendant cotton mill, and said three houses remained as originally constructed up to the present time, the finding of the jury included those three houses in that part of the original roadbed of the railroad and needed no particular mention in their verdict. There was no error here. It is true Mr. Justice Jones in *Railway* v. *Beaudrot, supra,* did say: "We do not say that the mere use or cultivation of land within the right of way of said railway company is such adverse use as would give currency to the statute of limitations, unless the use is inconsistent with the easement; but we do say that the enclosing of lands within the right of way, under a claim of exclusive right and occupation and a refusal to remove the enclosure after a

demand therefor, is some evidence of the assertion of a claim incompatible with plaintiff's alleged easement, under which the issues raised ought to have been submitted to the jury." Thus showing that the learned Justice had some question in his mind as to whether the mere *use or cultivation* of lands within the right of way would give currency to the statute, yet he by no means seeks to convey the idea that where a right of way is used by a defendant by placing houses thereon; he suggests that such right of way is only taken where occupied by obstruction.

Really where conduct of defendant evidences a fixed resolve to deny the right of way to the extent claimed by the plaintiff it is such an interference with plaintiff's asserted right of way as will deny the same for a greater space than fifteen feet *as found by the jury.* This exception is overruled.

6. The sixth exception is overruled for the reasons just before recited.

7. We see no reason why the Court should restrict, by its language, the use of so much of plaintiff's roadbed, up to within fifteen feet of the track should be guarded by the Court, and the question of title has been raised, the defendant has joined issue thereon, the action of the jury is response to that issue. No words, therefore, should qualify the finding of the jury. This exception is overruled.

8. There is no question but that the grant of one hundred feet on each side of the roadbed was for railroad purposes; this has been settled by repeated adjudications of this Court, and this exception is overruled.

9. If there had been an issue framed which had applied to the Fleming houses now owned by the defendant there might be some excuse for plaintiff's request, but there was none such, and we feel, therefore, that this exception must be overruled.

10. The matter of the silence of the plaintiff while the defendant was placing $50,000 worth of improvements upon the alleged right of way of the plaintiff, as to whether the

same was from ignorance in fact, of the right of the railway company has been settled by the verdict of the jury against the railroad. This was matter peculiarly within their province: we will not interfere.

11. We see no reasons to give any effect to the assertions that there was no evidence, that there had never been any abandonment by the plaintiff or by the Laurens Railroad of its right of way. All these matters were submitted to the jury, and by their finding they held that the plaintiff had no right to claim under its right of way more than fifteen feet on each side of its roadbed. This exception is overruled.

12. We have virtually passed upon this exception in what has been already said, and overrule the same.

13. The jury to whose arbitrament the question was submitted have found that the plaintiff, so far as the defendant is concerned, is restricted to the land embraced within that space of land extending fifteen feet on each side of the roadbed. This is sufficient answer to this exception.

14. Inasmuch as the easement of the plaintiff has been in an action between the plaintiff and defendant herein restricted to the fifteen feet on each side of plaintiff's road-bed, the answer is complete to this exception.

15. The verdict of the jury is inconsistent with the view that the defendant had knowledge in law of the rights of the plaintiff to the right of way whereon the defendant erected its structures. As to the effect of the act of the Legislature giving the right of way was a question within the purview of the issues and submitted to the jury, the jury has responded adversely to the plaintiff's contention. We see no reason why the decree of his Honor, the Circuit Judge, should be interfered with. Let this exception be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Justice Woods *concurs in the result.* There was no evidence to sustain the defense of adverse possession, except

as to the land occupied by the Fleming houses, and if it were necessary to refer the verdict to that defense it could not stand.

There was some evidence of estoppel by conduct of the officers of the railroad company, and taking the charge of the Circut Judge as a whole, the law of estoppel was correctly stated.

I am unable to concur in the view of the Chief Justice that the verdict of the jury and the decree of Judge Watts cuts down the plaintiff's right of way of one hundred feet, fixed by statute, so far as it affects the defendant to fifteen feet on each side of the railroad track. The verdict could not be construed as a finding that the plaintiff had abandoned its right of way by non-user for the time that the railroad was not in operation. The finding that it had a right of way fifteen feet in width was a rejection of the contention that the right of way had been abandoned.

The whole extent of the right of way fixed by statute remains unaffected by the judgment, except in so far as it has been broken into by the lands actually covered by the structures of the defendant, described in the complaint. The litigation related solely to the land so occupied, and could not result in restricting, or in any wise determining the rights of the plaintiff to any other land covered by its right of way of one hundred feet on each side of the track. With this construction of the verdict and the decree, I concur in affirmance.

November 26, 1908. PER CURIAM. The Court did not intend by its decree to limit the defendant's right of way as set forth in the petition.

The whole extent of the right of way fixed by statute remains unaffected by the judgment, except in so far as it has been broken into by the lands actually covered by the structures of the defendant, described in the complaint. The litigation related solely to the land so occupied, and could not result in restricting, or in any

wise determining the rights of the plaintiff to any other land covered by its right of way of one hundred feet on each side of the track.

The petition is therefore dismissed.