### 7472

### ATLANTIC COAST LINE R. R. CO. v. EPPERSON.

1. FOREIGN CORPORATIONS.—DEMURRER to the complaint herein on ground that plaintiff is a foreign corporation and is operating its railroad in this State in violation of the State Constitution is untenable, because: (1) the demurrer goes to the legal capacity of the plaintiff to sue and the allegation is that the plaintiff is a foreign corporation doing business in this State under the laws thereof as a common carrier; (2) an individual in a collateral proceeding cannot attack the right of a corporation to do business in the State; (3) the due process clause of the State and Federal Constitutions would be violated by permitting defendant to hold the land of plaintiff without giving it an opportunity to have its rights determined in the courts.

2. RAILROAD—RIGHT OF WAY—ADVERSE USE.—The mere use or cultivation of land included within the right of way of a railroad company or inclosing the same under fence without notice to carrier of adverse use is not such adverse use as will give currency to the statute of limitations against the railroad company.
   *Railroad* v. *Beaudrot,* 63 S. C., 267, *affirmed.*

Before PRINCE, J., Sumter, 1909.    Affirmed.

Action by Atlantic Coast Line Railroad Company against Mary A. Epperson. From judgment for plaintiff, defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites : *Defendant has no right to do business here:* 84 S. C., 318. *Enclosure by fence:* 60 S. C., 389; 63 S. C., 267; 67 S. C., 548; 72 S. C., 228; 82 S. C., 24.

*Messrs. P. A. Willcox, R. O. Purdy, Mark Reynolds* and *Henry E. Davis,* contra.

*Mr. Purdy* cites: *Title by adverse possession against railroad:* 63 S. C., 266; 67 S. C., 499, 548; 72 S. C., 288; 82 S. C., 24; 20 At., 940; 37 S. C., 327; 45 S. C., 274; 54 L. R. A., 522; 190 U. S., 266; 2 L. R. A., N. S., 272.

*Messrs. Willcox* and *Reynolds* cite: *Right to do business here:* 174 U. S., 562; 64 S. C., 162. *Vesting of right of way:* 67 S. C., 507; 72 S. C., 231; 63 S. C., 455. *Adverse holding:* 72 S. C., 235; 63 S. C., 266; 67 S. C., 552.

*Mr. Davis* cites: *Question of incapacity to sue is waived when not raised by demurrer:* 47 S. C., 64; 52 S. C., 205; 65 S. C., 105; 14 S. C., 51. *Right of corporation to do business cannot be attached collaterally:* 80 S. C., 355; 10 Cyc., 256; 6 Thomp., secs. 7913, 7918; 5 *Id.,* 5795; 10 Cyc., 1135; 2 Cook on Corp., sec. 637.

March 5, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. In this action the plaintiff seeks to enjoin the defendant from interfering with its alleged right of way, and to require her to remove certain buildings and fences thereon. The defendant denied the allegations of the complaint, and set up the defense of adverse possession for the statutory period. The jury rendered a verdict in favor of the plaintiff, and a permanent injunction was granted, whereupon the defendant appealed upon exceptions, the first of which is as follows:

"Because his Honor erred in overruling the defendant's demurrer, and his Honor should have held that it did not appear by the complaint that the plaintiff had complied with the laws of the State of South Carolina, in becoming a domestic corporation, and should have held that a foreign corporation had no right to bring suit to recover possession of the right of way, which it had no right to own as a foreign corporation."

The first paragraph of the complaint alleges: "That Atlantic Coast Line Railroad Company is a corporation duly chartered under the laws of the State of Virginia, and doing

business as a common carrier in the State of South Carolina under the laws thereof, and as such operates its railroad lines in its business through, to and from the city of Sumter, in the State of South Carolina."

The plaintiff demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, in that it is alleged that the plaintiff is a corporation duly chartered under the laws of the State of Virginia, and is operating its road in violation of section 8, article IX of the Constitution.

This exception cannot be sustained, for the following reasons:

(1) The ground of objection, mentioned in the demurrer, arises properly under subdivision 2, section 167 of the Code: "That the plaintiff has not legal capacity to sue." *Dawkins* v. *Mathis,* 47 S. C., 64, 24 S. E., 990; *Blackwell* v. *Mortgage Co.,* 65 S. C., 105, 43 S. E., 395.

In the case of *C. & C. R. R. Co.* v. *White,* 14 S. C., 51, it was held that where the complaint alleges the corporate existence of the plaintiff, and no facts or circumstances appear upon the face of the complaint showing the absence of corporate authority, or the capacity to sue, a demurrer to the complaint, under subdivision 2, section 167 of the Code, cannot be sustained. In the present case, however, there is even an allegation in the complaint that the plaintiff "is doing business as a common carrier in the State of South Carolina under the laws thereof."

(2) "Where a question arises merely between the body, which assumed to be and to act as a corporation, and a third person; in other words, when it arises collaterally, and not when it arises between the State and the assumed corporation, or the persons composing it, the rightfulness of the existence of the corporation is supported by the general presumption of right acting, under the operation of which, where persons come publicly as officers of a corporation possessing given powers, they are presumed to be rightfully in office, and it is assumed that all steps necessary to enable

the corporation to act as an artificial body, and to exercise such powers, have been taken. The sovereign alone has the right to complain; for if it is an usurpation, it is upon his rights alone and not upon the rights of particular individuals, and his acquiescence is consequently evidence that all necessary conditions precedent to the lawful exercise of those rights have been performed." 10 Cyc., 251.

"Doctrine that Validity of Existence cannot be Litigated Collaterally. This brings us to a doctrine founded in public policy and convenience and supported by an almost unanimous concensus of judicial opinion, which is that the rightfulness of the existence of a body claiming to act, and in fact acting, in the face of the State, as a corporation, cannot be litigated in actions between private individuals, or between private individuals and the assumed corporation, but that the rightfulness of the existence of the corporation can be questioned only by the State; in other words that the question of the rightful existence of the corporation cannot be raised in a collateral proceeding." 10 Cyc., 256.

Section 426 of the Code is as follows: "An action may be brought by the Attorney-General in the name of the State, on leave granted by the Supreme Court, or a Justice thereof, or a Circuit Judge, for the purpose of vacating the charter or annulling the existence of a corporation, other than municipal, whenever such corporation * * * shall exercise a franchise not conferred upon it by law. And it shall be the duty of the Attorney-General, whenever he shall have reason to believe that any of these acts or omissions can be established by proof, to apply for leave, and, upon leave granted, to bring the action, in every case of public interest." * * *

In the case of *City Council* v. *R. R. Co.*, 51 S. C., 129, the Court says: "Proceedings to annul the charter of a corporation is now provided for in the Code of Civil Procedure, beginning with section 424. It would be inconsistent with the scheme therein provided that a forfeiture be declared

on mere motion, or that a cause of forfeiture should, *ipso facto,* dissolve the corporation."

These authorities show that whenever a railroad corporation is exercising a franchise not conferred upon it by law, it is the duty of the Attorney-general to institute proceedings to require it to conform to the requirements of law, or cease to operate its road, and that the right of a railroad company to operate its road cannot be attacked by an individual in a collateral proceeding.

(3) It would be in violation of the Federal and State Constitutions (which provide that no person shall be deprived of his property without due process of law) to allow the defendant to hold the land described in the complaint without affording the plaintiff an opportunity to have its rights determined by the Court.

The ruling of his Honor, the presiding Judge, is also sustained by the cases of *Tate* v. *Pegues,* 28 S. C., 463, 6 S. E., 298, and *Ex parte Neal Loan Co.,* 58 S. C., 269, 36 S. E., 584.

The second exception is: "Because his Honor erred in charging the jury as follows: 'Now, then, one of the questions is: "What will amount to hostile ownership?" The mere fencing of it, or using it for pasture or cultivation, or the like, is not sufficient; it takes something more than that, because it might be that the railroad had no use at that time, at that particular time, for that right of way thus used, and the presumption is that the owner of the fee is using it by permission, or, at least, if not by permission, the presumption is that he is using it with the recognition of the right of the railroad to demand the surrender of it at any time it may be needed for railroad purposes; so that the mere fencing of it or occupancy of it is not itself enough.' In that his Honor erred in charging the jury that the fencing or using of the land for pasture or cultivation was not sufficient; whereas his Honor should have charged the jury that if they found from the evidence

that there was a substantial fence enclosing the right of way, included within the yard of the defendant, that that was evidence to go to the jury as to adverse holding, and it was for them to say whether the defendant had held the same adversely, under the substantial fence, for the period of ten years or more, and, if so, that that would defeat the plaintiff's right there."

The appellant's attorney relies upon the cases of *R. R.* v. *Beaudrot,* 63 S. C., 267, 41 S. E., 299; *Hill* v. *R. R.,* 67 S. C., 548, 46 S. E., 486; *R. R. Co.* v. *Cotton Mills,* 82 S. C., 24.

In the case of *R. R.* v. *Beaudrot, supra,* the rule is thus stated: "As already stated, it appears in the 'Case' that the defendant had erected within the alleged right of way a substantial fence enclosing what defendant claimed, exclusive of any right therein by plaintiff. Such an assertion of right to exclusive occupancy of the land is not compatible with the right of easement belonging to the plaintiff. If such adverse holding should run for the statutory period, the assessment would be defeated. We do not say that the mere use or cultivation of land within the right of way acquired by a railroad company is such adverse use as would give currency to the statute of limitations, unless the use is inconsistent with the easement; but we do say the enclosing of land within the right of way, under a claim of exclusive right to use and occupation, and a refusal to remove the enclosure after demand therefor, is some evidence of the assertion of a claim incompatible with plaintiff's alleged easement."

In that case it appeared from the pleadings that the plaintiff had given the defendant notice to remove the fence from the alleged right of way, and that he had refused to remove the same. The language of the Court is not susceptible of the interpretation that it intended to lay down the rule that the mere use or cultivation of land, within the right of way acquired by a railroad company, is such adverse

use as would give currency to the statute of limitations. And the words, "A refusal to remove the enclosure, after demand therefor, is some evidence of the assertion of a claim incompatible with plaintiff's alleged easement," simply mean that there must be notice to the railroad company of the adverse use, other than that arising from the mere erection of a substantial enclosure.

Permission was granted the respondent's attorneys to review the said case, but the Court adheres to the rule therein stated.

The other cases upon which the appellant's attorney relies merely follow the doctrine announced in the case of R. R. v. Beaudrot, 63 S. C., 267, 41 S. E., 299.

This exception and those raising practically the same question are overruled.

The last assignment of error is that his Honor, the presiding Judge, refused the defendant's first request to charge.

The appellant's attorney, in his argument, says: "On this proposition I can offer the Court no authorities." We do not deem it necessary to cite any to show that the exception raising this question cannot be sustained.

Judgment affirmed.