## 7535

### BLUME v. SOUTHERN RY.

RAILROADS—RIGHT OF WAY—PRESCRIPTION.—A town cannot acquire by prescription the right to use as a street the right of way of a railroad company. That the company holds the fee to the right of way does not affect it.

*Beaudrot* v. *Ry.,* 63 S. C., 266, *and Hill* v. *Ry.,* 67 S. C., 548, *distinguished from this case.*

Before WILSON, J., Bamberg, November Term, 1908. Reversed.

Action by W. P. Blume against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. J. F. Carter,* for appellant, cites: *Right to right of way of railroad company cannot be acquired by prescription:* Code, 1902, 2194; 67 S. C., 499; Thomp. on Corp., sections 5979 and 6127; 101 U. S., 87; 64 Pac., 272; 21 N. E., 329; 64 Fed., 506. *Use requisite to acquire title by prescription:* 22 Ency., 190, 1192; McC. L., 445; 36 Minn., 373; 36 Vt., 503; 53 S. C., 503; 27 S. C., 549; 6 Rich., 396; 5 Rich., 311; 1 Bail., 56, 341; 62 Me., 445; 61 Me., 417; 14 Nev., 161; 22 Ency., 1222.

*Messrs. S. G. Mayfield* and *H. M. Graham,* cite: *Title by prescription may be acquired against a fee by deed:* 72 S. C., 228; 54 S. C., 297; 67 S. C., 506.

April 5, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Plaintiff recovered judgment against defendant for obstructing an alleged street in the town of Bamberg, by building thereon a depot and platform, and thereby blocking the way to and from plaintiff's residence.

The alleged street is a part of defendant's right of way. Plaintiff attempted to prove title by prescription in the town to that portion of the defendant's right of way in question by showing an adverse use thereof by the public as a street for more than twenty years.

It appears that a part of the town of Bamberg has been built up along defendant's right of way, and that at least since 1894, the right of way has been laid out on a map of the town as a street, and that, for many years, a part of it has been worked and kept up as a street by the town authorities, and property bounding on it has been sold with reference to it as a street.   It does not appear, however, that the defendant or any of its predecessors in title knew that the right of way was laid out on the town map as a street, but they knew that a part of it was worked by the town and used as a street.

The testimony shows that the portion of the right of way now in question was not worked or used by the public as a street prior to the year 1897, when plaintiff purchased and built a dwelling house on the right of way, which is described in his deed as a "street, known as North Railroad Avenue." But, for some twenty or thirty years previous to that time, there had been a path or road along that portion of the right of way opposite to the lot bought by plaintiff, and for some distance along the railroad.   Over this road, cross-ties and wood had been hauled and deposited on the right of way for railroad purposes; and a few persons, who lived in the section beyond plaintiff's lot, went along the right of way to and from their houses; but the road or path was not generally

used by the public.  The depot and platform were built in 1905.

The South Carolina Canal and Railroad Company was incorporated by an act of the legislature, and built the railroad now owned by the defendant.  The act of 1833 (11 Stat., 384) provides that, in the absence of contract with the owners of the lands through which the road was built, it shall be presumed that the land on which the road was built, together with one hundred feet on each side to the center of the road, has been granted by the owners thereof to the company, and that the company and its successors shall have good right and title thereto, so long as the same shall be used for the purposes of said road.  In 1835, that company acquired, by purchase, the fee simple title to a tract of land, which includes that portion of the right of way now in question.  The defendant is the successor in title to the rights and property of that company.

When all the evidence was in, defendant moved the Court to direct a verdict in its favor, on the ground that no use of its right of way had been proved incompatible with its use by defendant and its predecessors in title for the purposes for which it had been acquired; and, therefore, no prescriptive right to the use thereof as a street could have been acquired by the public.  The motion was refused.

The facts of this case bring it squarely within the principles announced in *Matthews* v. *Ry.,* 67 S. C., 499, 46 S. E., 335, 65 L. R. A., 286, where it was held that the public cannot acquire by prescription the right to use the right of way of a railroad company in a manner inconsistent with the company's use of it for corporate purposes.

The doctrine was announced that, under our statutes, and the general principles of law, the public has an interest in the construction and operation of railroads as highways, which are burdened with duties to the public.  Therefore, a railroad company cannot dispose of or so use its right of way as to impair or destroy its ability to serve the public; and that,

even under the condemnation statutes, another highway cannot be laid out over the right of way of a railroad, if the construction of such other highway operates as a hindrance to the use and enjoyment of the right of way for the purposes for which it was previously procured.   Prescription rests in the presumption of a grant or dedication, and as the railroad company has no power either to grant or dedicate its right of way for any other than the purpose for which it was acquired, the presumption cannot arise; and, therefore, neither private individuals nor the public can acquire by prescription any right to use the right of way of a railroad, which is incompatible with the purposes for which it was acquired, or which would hinder or impair the railroad company in discharging its duties to the public, imposed upon it by law.

The Circuit Court seems to have taken the view that the doctrine of adverse possession was applicable to the case, and the jury were charged accordingly.   But the facts of the case do not bring it within the principles laid down in *Beaudrot* v. *Ry.,* 63 S. C., 266, 41 S. E., 299, and *Hill* v. *Ry.,* 67 S. C., 548, 46 S. E., 486.   In each of those cases. a part of the alleged right of way was enclosed by a substantial fence, and held in possession for the statutory period under claim of- right, exclusive of any right or interest therein by the railroad company.   It was held in those cases that such an assertion of right to the exclusive occupancy of the land in question was incompatible with the easement, and if held for the statutory period, would defeat the easement.   But in this case, no such possession of any part of defendant's right of way was shown, and no use thereof was proved which is incompatible with the purpose for which it was acquired.

The fact that defendant owns the fee in the land, and not merely an easement, can make no difference; for if defendant cannot alien or lose by prescription an easement acquired by purchase or condemnation, neither can it alien or lose by prescription the fee in the right of way acquired by pur-

chase. It is not the character of the estate, but the public purpose for which it was acquired, and with which it is burdened, which takes it out of the general rule.

The verdict should have been directed for defendant.

Judgment reversed.

MR. JUSTICE GARY *dissents*.