13068

SOUTHERN RAILWAY CO. v. MAYER ET AL.

(157 S. E., 6)

November, 1929.

*Mr. Steve C. Griffith,* for appellant,

*Messrs. George B. Cromer* and *Frank G. Tompkins,* for respondent,

February 16, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was commenced in· 1918 by the Southern Railway Company against O. L. Mayer, the issue in the case being whether or not the defendant was obstructing and encroaching upon an alleged right-of-way of the railway

company. The defense was adverse possession, and estoppel and laches. Prior to the trial of the case Mayer died intestate, and his heirs at law were substituted as defendants. On trial, each party made a motion for a directed verdict; the trial Judge overruled the defendant's motion and granted that of the plaintiff. The defendants appeal.

Plaintiff claims under a deed from Geo. A. Eigleberger to its predecessor in title, given in 1847, granting a right-of-way not to exceed one hundred feet on each side of the track, and providing that the grantor should have the right to cultivate the lands not required by the track and repair of the road, and also the right to remove the timber.

The defendants also trace title to Eigleberger and own the lands involved in fee simple, subject to plaintiff's right of way.

In support of their defenses, defendant introduced evidence, which was undisputed, tending to show:

1. That for about forty years fences have been continuously maintained near the track on the right-of-way; that these fences were burned on two occasions and the railroad paid for them; and that finally a wire fence was built.

2. That in the latter part of the 80's the railroad requested O. L. Mayer's permission to cut any trees or limbs that might obstruct the wire, poles, and cross-arms being put up on the right-of-way for a telegraph line, and that on other occasions the railroad asked his permission to cut limbs or trees on the right-of-way, never cutting any trees without such permission.

3. That O. L. Mayer made repeated demands that the railroad put a drain under its track or construct a ditch to carry off water accumulated on the right-of-way on account of the embankment on which the track was built, and that the railroad company did so.

4. That about twenty-five years ago the railroad company asked O. L. Mayer's permission to dig a ditch or build a

terrace along the edge of a cut, about twenty feet from the center of the track, to keep the earth from sloughing down on the road; that Mayer then and subsequently refused such permission and the ditch or terrace was never built.

The respondent contends that none of these acts were inconsistent with Mayer's rights under the Eigleberger deed, and that it had no notice of any adverse claim on his part. In so far as the first three facts, or groups of facts, above set forth and relied upon by the defendants, are concerned, there appears to be little difficulty, as all of them seem clearly consistent with Mayer's rights under the Eigleberger deed. Apparently the lands in question were cultivated as farm lands—at the most no other use of the land, in order to establish an adverse use, was shown—and fences are a proper and not unusual adjunct to cultivated farm lands. The deed reserved to the grantor the right to remove the timber, and the seeking of Mayer's permission by the railroad company to cut trees and limbs was a mere recognition of that right. So, too, it appears that the lands which were inundated by the water which the railroad company drained off at Mayer's insistence were cultivated farm lands, and the draining off by the company of the water, which had accumulated by its own act, was merely a recognition of the owner's right to use the land for farm purposes.

The matter of the ditch or terrace is a little more difficult. It is argued that the company, by seeking Mayer's permission to build the ditch or terrace, acknowledged that it had already lost its easement in the land involved and was thereby estopped from afterwards claiming such easement. However, adverse possession is an affirmative defense, and in order that title may be so acquired, such possession must be "open, notorious, exclusive, hostile, continuous and unbroken for the whole period." This involves, of course, notice—by express words or by acts clearly indicating such intention—to the person against whom such possession is claimed, of an intention to claim adversely to

his rights. It must be assumed, in the absence of proof to the contrary, that, Mayer being entitled, as the owner in fee simple and under the Eigleberger deed, to possession of the land for certain purposes, his possession was held under and according to such rights. So far as appears to the contrary, the land at the point where the railroad desired to build the ditch or terrace was under cultivation as farm land—certainly no other use of the land is shown by the testimony. We do not think, therefore, that what happened in relation to the proposed ditch or terrace could reasonably be construed as notice to the company of an adverse claim by Mayer, or as an acknowledgment by the company of such claim, or as a loss of its easement.

As there was no testimony to support the defenses advanced, the trial Judge correctly granted plaintiff's motion for a directed verdict.

Appellants offered the testimony of W. H. Suber to show that he owned land about a half mile from the Mayer land, the railroad holding a right of way through his land under the same deed as through the Eigleberger land, other grantors having signed the deed; that the railroad first began to claim the one hundred feet as right of way in this vicinity not many years ago, bringing suit against him and Mayer at the same time; and that prior to that time there had not been any complaint from the company as to encroachment upon the right of way. The Court excluded this testimony, and appellants except. No testimony of the witness was offered as to any transactions or conversations between Mayer and the company, and indeed no testimony as to how Suber claimed—adversely or otherwise. The testimony was clearly inadmissible. See *Southern Railway Co. v. Day*, 140 S. C., 388, 138 S. E., 870.

The judgment of the Circuit Court is affirmed.

Messrs. Justices Cothran and Carter and Mr. Acting Associate Justice I. Cosgrove concur.

Mr. Chief Justice Blease disqualified.