## 17470

SOUTHERN RAILWAY-CAROLINA DIVISION and Southern Railway Company, Appellants, v. HORNE INVESTMENT COMPANY, Respondent. SOUTHERN RAILWAY-CAROLINA DIVISION and Southern Railway Company, Appellants, v. J. E. HORNE, Respondent

(105 S. E. (2d) 527)

*Messrs. Moss & Moss,* of Orangeburg, and *Frank G. Tompkins, Jr.,* of Columbia, *for Appellants,* 

*Messrs. Andrew Berry, T. B. Bryant, Jr.,* and *Marshall B. Williams,* of Orangeburg, *for Respondents,* 

November 3, 1958.

STUKES, Chief Justice.

These actions involve the title to land in the City of Orangeburg which appears to have been a portion of the

statutory right of way of appellants' predecessor in interest, granted to it by the State in the year 1835, VIII Statutes 409, No. 2658. The cases were tried together on circuit and this opinion will apply to both. The defenses of the respondents included title by adverse possession and by equitable estoppel. The issues were submitted to a jury who were instructed to find a general verdict and, if for the respondents, answers were required to special interrogatories. "Has the defense of adverse possession been established?", and "Has the defense of estoppel been established?" By their verdicts the jury answered both questions in the affirmative, in addition to general verdicts for respondents. The appeals are from judgments entered, or to be entered, thereupon.

Two brothers Adden acquired paper title to the disputed area and adjoining land, in a partition action in the year 1897. A contemporaneous plat was made a part of the judgment roll, which shows that a fence then enclosed the area, and buildings were upon it. A map of appellants, which was in evidence, shows the location of this old fence to be about thirty feet from the center of the main track of the railroad and approximately parallel to it, whereas the statutory right of way purported to extend one hundred feet from the center.

The buildings above referred to were closely adjacent to the fence and later consisted of a brick warehouse, built about 1900, two earlier-built substantial frame dwellings which have been occupied through the years by white families, and two colored tenant houses which were also occupied as residences. Aged, uncontradicted witnesses, whose personal observation and knowledge of the property covered more than fifty years prior to the trial, testified to the fact of the continuous existence of the buildings and the fence which closely separated them from the railroad track, possessed and claimed by the Addens, without objection by appellants.

When respondents acquired the property from the heirs of the Addens, about 1952, they had it surveyed and the surveyor found old iron corner marks and located the buildings, all of which corresponded with the partition plat of

1897. The tax records of Orangeburg County first began in 1930 to include measurements and location of the lots assessed, and from that year the land and buildings in controversy were assessed for taxes against the Adden brothers.

In the course of the trial evidence was admitted of encroachments upon a portion of the right of way claimed by appellants which is not involved in the litigation, to which appellants objected upon the authority of *Southern Ry., Carolina Division v. Howell,* 79 S. C. 281, 60 S. E. 677; *Atlantic Coast Line R. Co. v. Searson,* 137 S. C. 468, 135 S. E. 567; *Southern R. Co. v. Day,* 140 S. C. 388, 138 S. E. 870, and *Southern Railway Co. v. Mayer,* 159 S. C. 332, 157 S. E. 6. However, the encroachments were upon what was a part of the Adden property which was acquired by the Adden brothers at the same time as that which is in controversy; in other words, it was part of a common ownership. For that reason the case does not come within the condemnation of the cited authorities. The property was all in the possession of the Addens and all of it was enclosed and improved with substantial buildings. It is logical to consider it as one property and one possession, which made the challenged evidence admissible in this action. It may be added, as in *Southern R. Co. v. Day, supra,* [140 S. C. 388, 138 S. E. 877] quoting from that case, "The testimony of the defendant, tending to establish his defense of estoppel, was undenied by the plaintiff; and the testimony of Bozeman added nothing to the conceded facts." The error, if error, was held to be harmless.

Appellants' last two questions on appeal are concerned with the claimed inconsistency of the verdict in the findings of both title by adverse possession and title by estoppel, and in the refusal of the court to instruct the jury that they could not find both.

There is a series of annotations in Ann. Cas. 1916D, 1186; L. R. A. 1916B, 657, and 50 A. L. R. 303, upon the subject of the adverse possession of a railroad right of way. Some courts hold that such a right of way being held for a

public use, the title thereto is not subject to be divested by adverse possession. However, this court is in accord with the majority which is to the contrary, with this qualification, quoting from the opinion in *Atlantic Coast Line R. Co. v. Searson,* 137 S. C. 468, 489, 135 S. E. 567, 573, " 'The right of way of a railroad, having been acquired for a public purpose, cannot be lost by a prescriptive use or adverse possession, unless by the erection of a permanent structure, accompanied by notice to the railroad company of an intention to claim adversely to its rights.' *Atlantic & C. A. L. R. Co. v. Limestone Globe Land Co.,* 109 S. C. 444, 96 S. E. 188." The notice may be implied or inferred from the facts in evidence, as here the construction, maintenance and uninterrupted possession of permanent buildings, enclosed by a substantial fence, for more than the statutory period necessary to acquire title by adverse possession in the case of privately owned property, and without objection from appellants.

A difference in such a case and one of acquisition of title by the estoppel of the former owner, as in *Southern R. Co. v. Day, supra,* and *Piedmont & Northern Ry. Co. v. Henderson,* 216 S. C. 98, 56 S. E. (2d) 740, is that the running of the statute is not requisite to estoppel; in the cited cases the period of the statute had not elapsed. However, reason is not apparent why an adverse claimant, the Addens here, cannot at the same time acquire title to a former railroad right of way both by adverse possession and by estoppel, which was logically found by the jury upon the evidence in this case, perforce the answers to the interrogatories which were submitted to them by the court. There is, therefore, no merit in appellants' contention of inconsistency in the verdicts and the court did not err in refusing to instruct the jury that they could not find title in respondents by adverse possession and also title by estoppel. The case on the evidence could hardly have been more perfect and complete to sustain the findings of adverse possession and estoppel, under the applicable authorities.

In the leading case of *Columbia, N. & L. R. Co. v. Laurens Cotton Mills,* 82 S. C. 24, 61 S. E. 1089, 62 S. E. 1119, the issues of adverse possession and estoppel were submitted to the jury and verdict for the Cotton Mills was upheld. The following is the syllabus of the decision: "A railroad company, knowing that another is erecting permanent improvements on its right of way, which does not object, is estopped from afterwards asserting its right to so much of its easement as is occupied by such improvements. If such improvements are allowed to remain on its right of way for ten years, being used adversely, the company is barred by the statute from using the way so occupied."

Granting appellants' contention (for the purpose of this decision) that for the doctrine of title by estoppel to prevail the claimant must have entered the premises and made the improvements in the good faith belief that he was the owner of the land, that is the manifest inference from the facts here. Surely the builder of the brick warehouse and other substantial structures, in plain view of appellants, believed that he was the owner of the land upon which he built. The following is from *Southern R. Co. v. Day, supra,* 140 S. C. at page 404, 138 S. E. at page 875: "The character of the buildings forbids any other conclusion than that the railroad company must have known that the owners were building them under a belief that they had the right to do so. The company knew, or ought to have known, its own rights, for it had in its possession the McKittrick deed." (Here the statutory charter.)

There is no magic in the constructive notice of right of way by statutory charter. *Southern Ry. v. Beaudrot,* 63 S. C. 266, 41 S. E. 299; *Atlantic Coast Line R. Co. v. Little,* 195 S. C. 455, 12 S. E. (2d) 7, and other cases in which charter rights of way were involved.

In view of the overwhelming and unchallenged evidence, which we have briefly narrated, the motions of appellants for directed verdicts, for judgments *n. o. v.* and, in the alternative, for new trials were properly denied by the lower court.

All of appellants' questions on appeal have been answered adversely to them, hence the judgments are

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.